UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASHLEY S. FAWCETT, | CASE NO. C23-0248-KKE |
| Plaintiff(s), | ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE |
| v. | |
| THE STANDARD FIRE INSURANCE COMPANY, | |
| Defendant(s). | |

Plaintiff Ashley Fawcett was in a car accident in 2017, while she was covered by an insurance policy issued by Defendant Standard Fire Insurance Company (doing business as Travelers Insurance Company ("Travelers")). Fawcett opened claims with Travelers, and alleges in this lawsuit that Travelers unreasonably investigated and evaluated her claim for underinsured motorist ("UIM") benefits. Dkt. No. 1.

Travelers filed a motion to exclude the testimony of Fawcett's expert Mary Owen because her opinions contain legal conclusions on the ultimate issue, namely whether Travelers' conduct was unreasonable or violates insurance regulations. Dkt. No. 30 at 6–9. Travelers also contends that Owen lacks the experience or qualifications necessary to allow her to testify as an expert as to proper claim-handling procedures. *Id*. at 10–12.

As to Travelers' first argument, the Court agrees that "[e]xpert testimony is not proper for issues of law" (*Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996)) and it seems

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE - 1

that Fawcett generally agrees with this proposition as well, given that she emphasizes the portions of Owen's testimony that pertain to issues of fact and accuses Travelers' expert of including legal conclusions in his testimony. Dkt. No. 37 at 5–7 (citing, among other things, *King v. GEICO Indem. Co.*, 712 F. App'x 649, 651 (9th Cir. 2017) ("Although it is well established that experts may not give opinions as to legal conclusions, experts may testify about industry standards, and the reasonableness of an insurer's claims handling is generally an issue of fact.")). Fawcett also contends that to the extent that any legal conclusions need to be excluded from Owen's testimony, this issue is the proper subject of a motion in limine, rather than a broad motion to exclude. *Id*. at 6–7.

The Court agrees with this approach, finding that wholesale exclusion of Owen's testimony and report would be inappropriate. Owen's declaration submitted in support of Fawcett's opposition to Travelers' summary judgment motion does contain opinions regarding Travelers' compliance (or non-compliance) with industry standards, but some portions could also be characterized as legal conclusions outside her purview as an expert. *See, e.g.*, Dkt. No. 34 ¶ 15 ("It is my opinion that this case is replete with factual issues which a jury needs to determine."). The report attached to Owen's declaration references legal conclusions to a lesser degree: she opines that Travelers' conduct violated certain standards and was unreasonable, but does not, for example, conclude that this conduct constitutes bad faith. *See* Dkt. No. 34-2 at 18–19. The Court did not rely on Owen's legal conclusions in resolving Travelers' summary judgment motion, and it can excise the legal conclusions from Owen's trial testimony via a motion in limine.

Travelers' second argument, as to Owen's expertise, also fails to persuade the Court that Owen's testimony should be excluded entirely. Travelers has not shown that Owen is categorically unqualified to serve as an expert in this case, given Owen's years of experience in the relevant field (*see* Dkt. No. 34-1). *See 11333 Inc. v. Certain Underwriters at Lloyd's, London*, 261 F. Supp.

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE - 2

3d 1003, 1015 (D. Ariz. 2017) ("A witness's knowledge of a general professional field may qualify him or her to testify about a specific practice within that field."). To the extent that Travelers disputes whether Owen's experience was sufficiently particularized as to be useful in this case, this argument goes to the weight that should be given to Owen's testimony, rather than its admissibility. *See, e.g.*, *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (concluding expert witness's "lack of particularized expertise goes to the weight accorded to her testimony, not to the admissibility of her opinion as an expert"). Accordingly, the Court declines to exclude Owen's testimony on this basis.

For these reasons, the Court DENIES Travelers' motion to exclude Owen's testimony. Dkt. No. 30.

Dated this 4th day of October, 2024.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE - 3